# LAW OFFICES OF JILL R. SHELLOW PLLC

---

15 Chester Avenue
White Plains, NY 10601
jrs@shellowlaw.com
212.792.4911  (Telephone)
203.258.1463  (Mobile)

October 26, 2023

**VIA EMAIL ONLY**
The Honorable Katherine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY  10007
Parker_NYSDChambers@nysd.uscourts.gov

      **RE:**    *United States v. Cristian Eustate Espinal, 23-MJ-6939 (KHP)*

Dear Judge Parker:

     I represent Cristian Eustate Espinal who was presented before Your Honor yesterday afternoon.  I consented to Mr. Espinal's detention without prejudice to be able to make a bail application at a later time and asked Your Honor to direct the government to provide me with the search warrant and Affidavit for the phone that supported the instant Complaint and Mr. Espinal's arrest.  I had offered to receive the warrant and Affidavit on an "attorney's eyes only basis" and agreed that I would not disclose any of the contents without consulting the government or seeking approval of the court.  The government opposed my request.  Your Honor asked the parties to submit letters today with authority for their respective positions.

Procedural History

     A brief recitation of the procedural history provides context for my request.  On October 5, 2023, Mr. Espinal was one of four defendants arrested on a Complaint alleging a conspiracy to distribute and possession with intent to distribute fentanyl.  *See United States v. Wellington Eustate Espinal, et al.*, 23-MAG-6716 (SDA).  The Honorable Stewart D. Aaron ordered my client released on conditions.[1]  The government appealed to the Honorable Arun Subramanian sitting in Part 1.  Judge

---

[1] Three brothers with the last name Eustate Espinal were arrested – Cristian and his two older brothers.

Admitted:  NY, CT, DC

**The Honorable Katherine H. Parker**
**United States Magistrate Judge**
October 26, 2023
Page 2

Subramanian affirmed Judge Aaron's decision, and Cristian Espinal was released on October 10.

On October 24, at 9:30PM, Mr. Espinal was arrested on the instant Complaint that charges possession of child pornography. The Complaint is based on the contents of a cell phone that law enforcement officers seized at the time of the original arrest. *See* Complaint at ¶¶ 3(d), 4(a). After my client's second arrest and a couple of hours before yesterday's Presentment, I asked the government for a copy of the search warrant for the phone and Affidavit in support of the warrant. Immediately prior to the presentment, I was told that the government was refusing my request and that I would get the warrant and Affidavit in discovery. I responded that could be many months in the future. I amended my request to add that I would accept the warrant and Affidavit on an attorney's eyes only basis and agree not to disclose any contents without first securing the government's approval and in the event of a disagreement seeking approval from the Court.[2] When the government refused the modified request, I applied to Your Honor for an Order requiring disclosure.

<u>Disclosure of the Warrant and Affidavit is at</u>
<u>The Sound Discretion of the Court</u>

On October 20, 2023, the Honorable Valerie Figueredo, Magistrate Judge, Southern District of New York, issued an opinion that analyzes the issues presented and squarely answers Your Honor's question. *In Re Search Warrant Dated October 13, 2023*, 2023 WL 6938292, 23-Misc. 389 (JLR) (VF) (S.D.N.Y. Oct. 20, 2023) ("Figueredo Opinion"). Judge Figueredo granted the defendant's request for release of the sealed Affidavit on the basis that "the law enforcement interest advanced by the Government is insufficient to outweigh the great weight afforded the common law right of access to the Affidavit." 2023 WL 6938292 at *5.[3]

Briefly, the decision whether to provide Mr. Espinal with access to the warrant and Affidavit is for the Court to make in light of the "relevant facts and

---

[2] The U.S. Attorney's Office regularly proposes Protective Orders with such a provision and provides materials to defense counsel on this basis.

[3] The Figueredo Opinion addresses only access to the Affidavit because the government voluntarily provided the defendant with the warrant.

**The Honorable Katherine H. Parker**
**United States Magistrate Judge**
October 26, 2023
Page 3

circumstances of the particular case." [4]  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978).  The common law right of access is grounded in whether the item to be disclosed is "relevant to the performance of the judicial function and useful in the judicial process."  Figueredo Opinion at *2.  The First Amendment right of access protects access when the documents have "historically been open to the general public" and when "public access plays a significant positive role in the functioning of the particular process in question."  *Id.*  Judge Figueredo did not address whether a First Amendment right of access applied to the Affidavit under consideration in that case because "the common law right of access supported unsealing the Affidavit."  *Id.* at *3.

Judge Figueredo found that a search warrant Affidavit was a "judicial document relevant to the performance of the judicial function and useful in the judicial process because the Affidavit formed the basis for the Court's decision to issue the warrant, and the Court relied on the information in the Affidavit in making the determination that probable cause existed to issue the warrant."  *Id.*  "Simply put, the Affidavit was central to the court's probable cause determination and thus clearly a judicial document." *Id.  See United States v. All Funds on Deposit at Wells Fargo Bank in San Francisco*, 643 F. Supp.2d 577, 583 ("affidavits in support of seizure or search warrants are central to a court's probable cause determination"). *See In re Search Warrant Dated November 5, 2021*, 2021 WL 5830728 at *2, No. 21 Misc. 813 (AT) (SLC) (S.D.N.Y. Dec. 7, 2021); *In re Search Warrant*, 2016 WL 7339113 at *2, No. 16-MC-464 (PKC) (S.D.N.Y. Dec. 19, 2016).

Next Judge Figueredo analyzed the weight to be accorded to the presumption of access.  "Especially great weight is given to documents that are material to particular judicial decisions and thus critical to determining litigants' substantive rights – conduct at the heart of Article III – and public monitoring of that conduct."  Figueredo Opinion at *3; *All Funds*, 643 F.Supp.2d at 584.  Thus, the presumption supporting access to the instant Affidavit is to be given great weight.  Figueredo Opinion at *3. *See In re Search Warrant*, 2016 WL 7339113 at *3; *United States v. Mullins*, 2023 WL 3159418 at *2, No. 22-CR-120 (JGK), (S.D.N.Y. Apr. 26, 2023) (reasoning that presumption of access to warrant-related documents is entitled to great weight).  "The Court is thus required to order disclosure absent compelling reasons to deny access to the Affidavit."  Figueredo Opinion at * 4.

---

[4] Unless otherwise noted, for clarity all internal quotation marks, alterations, omissions, emphases, and citations have been omitted from all cited sources.

**The Honorable Katherine H. Parker**
**United States Magistrate Judge**
October 26, 2023
Page 4


I expect that the government will not contest that the warrant and Affidavit are judicial documents subject to the common law that requires access but rather will argue that the contents reveal information protected by a "law enforcement privilege," that the privilege outweighs the right of access and continued sealing is required. To the extent that a law enforcement privilege constitutes a compelling reason to deny public access to the Affidavit, the Court must be satisfied that limitations imposed on disclosure are not "broader than necessary." *All Funds*, 643 F. Supp.2d at 585; *United States v. Mullens*, 2023 WL 3159418 at *1. In other words, "the Court is required to order disclosure absent compelling reasons to deny access and even then must employ the least restrictive possible means of doing so." *United States v. Mullens*, 2023 WL 3159418 at *3; *All Funds*, 643 F. Supp. 2d at 585.

Your Honor can accommodate both Mr. Espinal's interest in access to the warrant and Affidavit and the government's concern that the warrant and Affidavit would reveal information protected by a law enforcement privilege by (1) Ordering the government to provide the warrant and Affidavit to Mr. Espinal's counsel and (2) Ordering Mr. Espinal's counsel not to reveal the contents of the warrant and Affidavit to people not part of Mr. Espinal's legal team without first securing permission from the government, and in the event of a conflict between the government and Mr. Espinal's counsel, presenting the issue to the Court to decide.

Thank you for your consideration.

Respectfully submitted,

Jill R. Shellow

cc: AUSA Margaret Lynaugh (by email)
   AUSA Adam Sowlati (by email)