Case 1:23-mc-00408-GHW  Document 4  Filed 11/01/23  Page 1 of 7

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __11/1/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────X

IN RE SEARCH WARRANT DATED
OCTOBER 4, 2023

**OPINION AND ORDER**
23-MC-408 (KHP)(GHW)

───────────────────────────────X

**KATHARINE H. PARKER, United States Magistrate Judge.**

Cristian Eustate Espinal moves for limited unsealing of an affidavit submitted in support of an application made on October 4, 2023, pursuant to Federal Rule of Criminal Procedure 41, for a warrant to search, among other things, his cellular phones.[1] Specifically, his counsel wishes to review the affidavit on an attorneys' eyes only basis in advance of a planned bail application because she believes the search of her client's phone was improper and that by reviewing the affidavit she will be able to bolster arguments that her client should be released on bail conditions pending trial. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

On October 5, 2023, law enforcement officers executed a search warrant issued by a United States Magistrate Judge. The warrant authorized search of a particular premises (the "Subject Premises") and seizure of specified categories of evidence, fruits, and instrumentalities of narcotics-related crimes (the "Subject Offenses"). The warrant authorized seizure of computer devices, smart phones, and storage media (the "Devices") that may contain electronically stored information ("ESI") falling within the specified categories of evidence listed in the warrant – all related to the Subject Offenses. It also authorized review of ESI contained

---

[1] The government has produced a copy of the warrant to defense counsel on an attorneys' eyes only basis. The warrant is 23-MAG-6675.

1

in the seized Devices for purposes of discovering information responsive to the warrant. The warrant specified a method of review of ESI that permitted survey of files and file directories, opening or cursorily reading the first few "pages" of such files to determine their precise contents, scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files, performing key word searches, and reviewing metadata and other system information. It required law enforcement personnel to make reasonable efforts to search only for ESI within the categories specified in the warrant but authorized a complete review of all ESI if necessary to evaluate its contents and locate data responsive to the warrant.

Law enforcement officers found large quantities of narcotics, along with machinery and equipment used to press narcotics into pill form and package narcotics for future distribution at the Subject Premises. In connection with the search, law enforcement officers arrested Espinal, who was at the Subject Premises. In connection with the search and arrest, law enforcement officers also seized two phones, which they reasonably believed belonged to Espinal. Specifically, when law enforcement officers entered the Subject Premises, Espinal ran into a particular bedroom and the two phones (respectively, "Cellphone-1 and Cellphone-2") were next to each other on top of a bed.

On October 6, 2023, Espinal was charged in a Complaint with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 and possession of narcotics with intent to distribute in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A) and 18 U.S.C. § 2. He was presented to this Court the same day and released on bail subject to certain conditions. See 23-MJ-6716.

Law enforcement officers began review of Cellphone-1 on October 23, 2023. The phone had a home screen that displayed a photo of someone who appeared to be Espinal and the

settings listed the user as Espinal.  Shortly after beginning the review, law enforcement encountered a series of sexually explicit videos involving minor children (the "Child Sexual Abuse Videos").

The following day, law enforcement arrested Espinal on a Complaint based on the discovery of the Child Sexual Abuse Videos and charged with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).  See 23-MJ-6939.  Espinal was presented to this Court the same day on the charge and consented to detention without prejudice to making a future bail application.  His attorney orally moved to unseal the warrant and affidavit that supported search of Espinal's phone at the presentment.  The government objected to any unsealing of the affidavit.  The Court reserved judgment and requested written submissions from the parties.

**DISCUSSION**

Espinal was arrested based on a Complaint that was based on the inadvertent discovery of the Child Sexual Abuse Videos.  In accordance with Federal Rule of Criminal Procedure 4, the Complaint recited how the Child Sexual Abuse Videos were located and formed the basis of the Court's finding that probable cause had been established to issue an arrest warrant on the charge of possession of child pornography.[2]  Importantly here, under the well-established plain view doctrine, a law enforcement officer who comes across incriminating evidence of another crime during an otherwise authorized search need not ignore that evidence.  *Horton v. California*, 496 U.S. 128, 136-37 (1990); *United States v. Delva*, 858 F.3d 135, 149 (2d Cir. 2017).

---

[2] Probable cause is determined based on the totality of the circumstances.  *Illinois v. Gates*, 462 U.S 213, 230-31 (1983).  It is a "fluid concept —turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Id*. at 231.


Courts have recognized in the case of child pornography, the incriminating nature of pictures of children engaged in sex acts is typically readily apparent. *Doane v. U.S.*, 8-MAG-17, 2009 WL 1619642, at *11-12 (S.D.N.Y. June 5, 2009).

Felony offenses must be prosecuted based on an indictment or, if the defendant waives indictment, based on an information. Fed. R. Crim. P. 7. Thus, before Espinal can be prosecuted for the crime for which he was arrested, he must be indicted or agree to be charged in an information. Federal Rule of Criminal Procedure 16 governs discovery in criminal cases. Typically, in felony cases, Rule 16 applies once a defendant has been indicted by a grand jury. It provides that the government must permit the defendant, upon request, to inspect and copy information material to preparing the defense, that the government intends to use at trial as part of its case-in-chief and any items that belong to the defendant. Fed. R. Crim. P. 16(a)(1). It also gives the court discretion to deny, restrict, or defer discovery or inspection, or grant other appropriate relief. Fed. R. Crim. P. 16(d).

Espinal cites no case authority that would permit discovery pre-indictment. And, in any event, this Court finds in its discretion that early discovery is not appropriate here when investigations of Espinal's conduct in relation to the child pornography charge and the drug crime charges are ongoing and he has not yet been indicted. Such discovery could interfere with the investigative process, including grand jury proceedings, and potentially expose methods of investigation and sources of information unknown to Espinal (and co-conspirators) and open the door to witness tampering or destruction of evidence.[3] If Espinal is indicted, he

---

[3] The Court has no doubt that Ms. Shellow would fully comply with any attorneys' eyes only condition on review; however, any bail argument referencing facts in the underlying affidavit would be made in open court and in the presence of Espinal.

will be entitled to production of the affidavits as part of discovery and can make any suppression motions at that time. *In re Search Warrants Executed on April 28, 2021*, slip op., 21-MC-425, 2021 WL 2188150, at *2 (S.D.N.Y. May 28, 2021).

Further, Espinal's suggestion that his lawyer must have access to the affidavit underlying the warrant relating to a drug crime investigation to successfully argue for Espinal's release on bail for the newly charged possession of child pornography is not persuasive. Nothing in that affidavit, which this Court has reviewed in camera, pertains to child pornography. That is because the discovery of the Child Sexual Abuse Videos was inadvertent.

Furthermore, a bail hearing is typically an informal affair, conducted at the outset of a criminal case. *United States v. LaFontaine*, 210 F.3d 125, 131 (2d Cir. 2000). It is not a discovery tool for the defendant. *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986). Defendants routinely make successful bail arguments, including in child pornography cases, without the benefit of discovery. This is because the Court is required under the Bail Reform Act to release a defendant if there are conditions that can be imposed that will reasonably assure the safety of the community and the defendant's return to court as required. 18 U.S.C. § 3142(c). The statute also contains mandatory conditions for release of persons charged with crimes involving minor victims. *Id*. Nothing in the affidavit Espinal seeks to review would inform the argument about reasonable bail conditions. And, while he argues that knowledge of facts in the affidavit would allow him to better challenge the weight of the evidence factor that the court considers when making a bail determination, this argument falls flat because all of the facts relevant to the Complaint charging possession of child pornography are contained in it – not in the affidavit underlying the warrant executed in connection with the drug crime

5

investigation, search and arrests. Nor does Espinal contend that the phone on which the Child Sexual Abuse Videos were found was not his or that there is a reason to believe the videos do not depict child sexual abuse or that the agent who attested to the facts in the Complaint made untrue statements in the Complaint. What Espinal is in actuality seeking to do is to tee-up a pre-indictment suppression motion in connection with a bail argument. This is not the time for such a motion.

Assuming that the affidavit accompanying the warrant is a judicial document to which the First Amendment and common law right of access applies, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), the court finds that the right of access is outweighed by the need to protect an ongoing investigation of Espinal's crimes. A court must balance competing considerations against the weight of the common law presumption of access. *In re Search Warrant*, 16-MC-464, 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016). Considerations that can override the presumption of access include the need to protect against disclosure of law enforcement techniques and procedures, preserve confidentiality of sources, and safeguard the privacy of individuals involved in the criminal investigation. *United States v. Amodeo*, 71 F.3d 1044, 1047 (2d Cir. 1995); *United States v. Mullins*, 22-CR-120, 2023 WL 3159418, at *2 (S.D.N.Y. Apr. 26, 2023). Here, the government has persuasively argued that such considerations are all present here. Indeed, the Court's own review of the affidavit in camera confirms that such considerations are present here.

*In re Search Warrant dated October 13, 2023*, 23-MC-389, slip op. (S.D.N.Y. Oct. 20, 2023), cited by Espinal, is easily distinguished. That decision was narrowly tailored to its specific facts. It involved an individual who had been arrested on a complaint who sought

return of his phone that was seized at the time of arrest. The complaint was dismissed, but law enforcement sought a search warrant to search the contents of the phone nonetheless, believing there was probable cause that it would reveal evidence of a crime. A Magistrate Judge ultimately issued a warrant pursuant to search the phone. The court agreed to unseal the affidavit supporting the warrant because it found that the government's investigation was public, that the affidavit would not reveal identities of other participants in the alleged crimes, would not reveal any confidential source, cooperating witness, or investigative technique, and was not sought in connection with an effort to challenge the legality of the warrant preindictment.

In this case, the defendant is under investigation for multiple crimes, and, unlike the individual in *In re Search Warrant dated October 13, 2023*, has been charged in a complaint that is actively being investigated and will have the opportunity to see the affidavit if he is indicted and to file a suppression motion at the appropriate time. Further, all of the concerns that were not present in that case are present here and outweigh any presumption of public access.

## CONCLUSION

For the reasons set forth above, Espinal's motion to unseal the affidavit supporting the warrant is DENIED.

**SO ORDERED.**

Dated: November 1, 2023
New York, New York

_Katharine H Parker_
KATHARINE H. PARKER,
U.S. Magistrate Judge